Case 4:21-cv-03121   Document 15   Filed on 07/06/23 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, § <br> as Broadcast Licensee of the May 4, 2019 § <br> Saul "Canelo" Alvarez v. Daniel Jacobs § <br> Middleweight Championship Fight Program, § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> EL PERRON HOT DOGS, LLC, individually, § <br> and d/b/a EL PERRON HOT DOGS and d/b/a § <br> EL PERRON TACOS, HAMBURGERS & § <br> MORE; DEREK R. TOVAR, individually, and § <br> d/b/a EL PERRON HOT DOGS and d/b/a EL § <br> PERRON TACOS, HAMBURGERS & § <br> MORE; JOSE R. TOVAR, individually, and § <br> d/b/a EL PERRON HOT DOGS and d/b/a EL § <br> PERRON TACOS, HAMBURGERS & § <br> MORE; and TANIA P. CALVILLO, § <br> individually, and d/b/a EL PERRON HOT § <br> DOGS and d/b/a EL PERRON TACOS, § <br> HAMBURGERS & MORE, § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:21-CV-03121 |

## ORDER

Pending before the Court is Plaintiff G&G Closed Circuit Events, LLC's ("Plaintiff") Motion for Summary Judgment. (Doc. No. 12). Defendants El Perron Hot Dogs LLC, Derek R. Tovar, Jose R. Tovar, and Tania P Calvillo (collectively "Defendants") did not respond. The Court considered the Motion, the evidence, and the law, and hereby grants Plaintiff's Motion for Summary Judgment. (Doc. No. 12).

### I. Background

This case concerns the Federal Communication Act of 1934—an Act that combats piracy of radio and television signals. Plaintiff is in the business of marketing and licensing commercial

exhibitions of pay-per-view prizefight events. Plaintiff possessed the exclusive proprietary rights to exhibit and sublicense the May 4, 2019 Saul "Canelo" Alvarez v. Daniel Jacobs WBA/WBC/IBF Middleweight Championship Fight Program, including undercard and preliminary bouts and commentary (the "Event"). Plaintiff contends that the Event was legally available to commercial establishments through an agreement with Plaintiff, but that Defendants, without authorization and without paying the commercial licensing fee, exhibited the Event at their commercial establishment—El Perron Hot Dogs.

For that reason, Plaintiff brought this action under the Federal Communication Act of 1934, claiming Defendants illegally intercepted the Event and exhibited the Event in their commercial establishment. Defendants filed an Answer, responding that the Event "was not broadcast or show (sic) in any manner at the business known as El Perron Hot Dogs." (Doc. No. 7 at ¶ 5). Plaintiff subsequently filed a Motion for Summary Judgment on all of its claims (Doc. No. 12), and Defendants did not respond.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact

is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the judge twenty-one days after filing. Under Local Rule 7.4, a failure to respond will be taken "as representation of no opposition." *See* Local Rule LR7.4. Furthermore, Rule 7.4(a) plainly states that such responses must be filed by the submission date. Id.

The Fifth Circuit, however, has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). Since granting summary judgment based solely on the local rules and Defendant's failure to respond would be improper, this Court will address the merits of the motions.

### III. Discussion

Congress enacted the Federal Communication Act to discourage piracy. "To violate the Communications Act, which is a strict liability statute, a plaintiff ("aggrieved party") need only prove that (1) the Event was shown in the defendant's Establishment and (2) the plaintiff did not

3

authorize the exhibition of the Event there." *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 753 (S.D. Tex. 2014); 47 U.S.C. § 605. Sections 553 and 605 of the Communications Act "expressly prohibit assisting third parties in intercepting or receiving unauthorized communications, and have been interpreted to allow [an aggrieved person] to hold [a person] individually [vicariously] liable if he had (1) the right and ability to supervise the unauthorized activities of the establishment in those activities and (2) an obvious and direct financial interest in those activities." *Joe Hand Promotions, Inc. v. Ambiente Bar LLC*, Civ. A. No. 7:13–CV–132, 2014 WL 580767, at *2 (S.D.Tex. Feb. 13, 2014), *citing Joe Hand Promotions, Inc. v. Chapa*, Civ. A. No. H–08–422, 2009 WL 2215124, at *3 n. 2 (S.D.Tex. July 22, 2009). Since the transmission of the event originated via satellite, Plaintiff moved for judgment under 47 U.S.C. § 605. *J&J Sports Prods. v. Little Napoli, Inc.*, 2014 U.S. Dist. LEXIS 99032, *5 (§ 605 is a strict liability statute and applies to unauthorized interceptions of signals through radio or satellite).

Further, the Act provides for vicarious liability in anti-piracy cases. To prove vicarious liability, Plaintiff need only show that the Defendants "(a) had a right and ability to supervise the infringing activities, and (b) an obvious and direct financial interest in the exploitation." *J & J Sports Prods., Inc. v. Q Cafe, Inc.*, No. 3:10-CV-02006-L, 2012 WL 215282, at *4 (N.D. Tex. Jan. 25, 2012).

**A. Event was shown in the Defendants' Establishment**

In Defendants' Answer they maintain that the Event was not "broadcast or shown in any manner at the business know (sic) as El Perron Hot Dogs." (Doc. No. 7 at ¶ 5). It has provided no evidence to support this contention. An affidavit from an eyewitness, however, asserts the contrary. The Plaintiff in support of its Motion attached the affidavit of Juan Castillo. He declared that on May 4, 2019, he "entered the commercial establishment know as El Perron Hot Dogs" and during

4

his time there he "saw that the Pay Per View Event of Saul 'Canelo' Alvarez vs Daniel Jacobs was being broadcast on two flat screen televisions." (Doc. No. 12-1, Ex. A-2, Affidavit of Juan Castillo).

Since Defendants did not respond to the Motion for Summary Judgment and did not present evidence to the contradict the witness' statement, the summary judgment evidence conclusively proves that the Event was broadcast at El Perron Hot Dogs.

**B. Plaintiff did not authorize the exhibition of the Event there**

In Defendants' Answer, they "admit…they were not authorized to intercept, receive, or transmit the communication" (Doc. No. 7 at ¶ 6). Therefore, this element is also met. The evidence attached to Plaintiff's motion demonstrates that on the date of the Event, Defendants received and intercepted, or assisted in the receipt and interception of, the telecast of the Event and broadcasted the Event to patrons in their Establishment for viewing.

**C. Vicarious Liability**

As noted, to prove vicarious liability in an anti-piracy case under the Federal Communication Act, the plaintiff need only show that one "(a) had a right and ability to supervise the infringing activities, and (b) an obvious and direct financial interest in the exploitation." *J & J Sports Prods., Inc. v. Q Cafe, Inc.*, No. 3:10-CV-02006-L, 2012 WL 215282, at *4 (N.D. Tex. Jan. 25, 2012). Intent or knowledge of infringement is not an element of that claim for vicarious liability, and thus, is not a defense.

In the case at hand, the individual Defendants Derek R. Tovar, Jose R. Tovar, and Tania P Calvillo are all members of El Perron Hot Dogs LLC. (Doc. No. 7 at ¶ 1); (Doc. No. 12-1, Ex. C, Certificate of Formation Limited Liability Company). Thus, they have a supervisory position and a direct financial interest in the activities of the Establishment and can be held vicariously liable

under the Act. *See e.g. Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747 (S.D. Tex. 2014) (holding that individual were vicariously liable under the Federal anti-piracy act where the individuals were managers and limited partners and had a financial interest in the activities of the Establishment.). Moreover, Defendants did not deny certain allegations in Plaintiff's Complaint, including the allegation that they (i) had a right and ability to supervise the activities of the Establishment and (ii) had an obvious and direct financial interest in the activities of the Establishment. (Doc. No. 1 at ¶ 3, 4, 5). When a Defendant fails to deny an allegation, those allegations are treated as if the Defendant admitted them. Fed. R. Civ. P. 8(b)(6) ("An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.").

Accordingly, Defendants have shown that the individual Defendants Derek R. Tovar, Jose R. Tovar, and Tania P Calvillo had a right and ability to supervise the infringing activities and an obvious and direct financial interest in the exploitation. Therefore, individual Defendants Derek R. Tovar, Jose R. Tovar, and Tania P Calvillo may be held vicariously liable.

### D. Statutory Damages

Under the Act, "the party aggrieved may recover the actual damages suffered by him." 47 U.S.C.A. § 605 (e)(3)(C)(i)(I). Alternatively, the "party aggrieved may recover an award of statutory damages for each violation of subsection (a) involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph." *Id.* at (e)(3)(C)(i)(II). A party has the discretion to elect to receive actual or statutory damages. *See id.*

6

Furthermore, if the court finds that the violation was "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." *Id.* at (e)(3)(C)(ii). Additionally, the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." *Id.* at (e)(3)(b)(iii).

Plaintiffs here requested statutory damages pursuant to 47 U.S.C. § 605(e)(3)(c)(i)(II). (Doc. No. 12 at 11). Specifically, Plaintiffs requested the Court grant damages in the amount of $10,000 for Defendants' violation of the Federal Communication Act and additional damages in the amount of $50,000 for willfully violating the Act. The Court, in its discretion, awards Plaintiff damages in the amount of $2,000 and no additional damages. Plaintiff is also entitled to reasonable attorney's fees.

## IV. Conclusion

For the aforementioned reasons, the Court grants Plaintiff's Motion for Summary Judgement. (Doc. No. 12).

Signed at Houston, Texas, this 6 day of July, 2023.

Andrew S. Hanen